**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

JEREMY WAYNE GLADDEN                                                    PLAINTIFF

V.                           CASE NO. 2:24-CV-2110

CAPTAIN MICHAEL HUBER
and INVESTIGATOR DEREK ROGERS
(BOTH OF JOHNSON COUNTY, ARKANSAS)                                     DEFENDANTS

AND

JEREMY WAYNE GLADDEN                                                    PLAINTIFF

V.                           CASE NO. 2:24-CV-2089

SHERIFF DEPUTY JASON COLE;
SHERIFF TIM HUGHES; and
SHERIFF DEPUTY JOSHUA HEIDELBERG
(ALL OF JOHNSON COUNTY, ARKANSAS)                                      DEFENDANTS

## ORDER

Plaintiff Jeremy Wayne Gladden brings two consolidated civil rights actions pursuant to 42 U.S.C. § 1983. Before the Court is a Report and Recommendation ("R&R") by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, filed in both cases. *See* Doc. 58 (Case No. 2:24-CV-2110 ("2110 Case")); Doc. 33 (Case No. 2:24-CV-2089 ("2089 Case")). Mr. Gladden filed identical objections in both cases. *See* 2110 Case, Doc. 59; 2089 Case, Doc. 34). The R&R recommends granting the Motion for Summary Judgment filed jointly by all the Defendants in both cases. *See* 2110 Case, Doc. 50. The Court has reviewed now reviewed both cases *de novo*.

1

Mr. Gladden's two cases concern the same events. He alleges that in January 2024, he was arrested without a warrant or probable cause and that excessive force was used against him during this arrest. He further alleges that he was denied medical care for injuries he suffered during that arrest and that he was subsequently forced to submit to interrogation without a lawyer present. He brought these claims against the Defendants in both their individual and official capacities. The Magistrate Judge recommends that granting qualified immunity to all Defendants on all claims.

Mr. Gladden objects that the facts at issue are still "very much in dispute, and will require a jury." (2110 Case, Doc. 59, p. 1). However, Mr. Gladden fails to engage with the R&R in any respect nor identify what facts would warrant the denial of qualified immunity. Though he asserts that his arrest was illegal because there was no valid arrest warrant, the Magistrate Judge explains in the R&R that the arresting officers had at least arguable probable cause to arrest him *without a warrant*. Mr. Gladden fails to engage with this reasoning in any respect. Next, Mr. Gladden maintains that his claim for excessive force should be preserved for trial because there was no body camera footage of his arrest. However, Mr. Gladden admitted in his deposition that the alleged excessive force consisted of Defendant Deputy Cole tackling him to the ground after Mr. Gladden backed away from him and lost his footing. The Magistrate Judge acknowledges the lack of body cam footage but explains why tackling Mr. Gladden was not unreasonable in view of the undisputed facts; the R&R further explains why Deputy Cole is entitled to qualified immunity. Once again, Mr. Gladden does not engage with this analysis. Accordingly, his objections are **OVERRULED**.

2

**IT IS ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY**, and Defendants' Motion for Summary Judgment (Doc. 50) in the 2110 Case is **GRANTED**. The Amended Complaint in the 2110 Case and the Second Amended Complaint in the 2089 Case are both **DISMISSED WITH PREJUDICE**. Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 28th day of July, 2026.

/s/ Timothy L. Brooks_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE